In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00135-CV**
_____

**IN RE JERALD RAY SMITH, GINA ALLEN SMITH, AND TEXAS FARM CREDIT SERVICES, FLCA**

**Original Proceeding**
**260th District Court of Orange County, Texas**
**Trial Cause No. D210303-C**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Relators Jerald Ray Smith, Gina Allen Smith, and Texas Farm Credit Services, FLCA, argue the trial court committed a clear of abuse of discretion by denying Relators' no-evidence motion for summary judgment. Relators contend the motion for summary judgment challenged an essential element on which the Real Parties in Interest, Craig Chesson and Lori Chesson, had the burden of proof, and the Chessons failed to produce legally sufficient evidence to overcome that challenge.

1

In 2019, the Smiths acquired certain real property located in Orange County, Texas, through a Warranty Deed with Vendor's Lien executed by Dave Leslie Chesson Sr., Independent Executor of the Estate of Clyde Mitchell Chesson, Deceased. Texas Farm Credit Services, FLCA, financed the transaction. In Trial Cause Number D210,303-C, Lori A. Chesson and Craig Chesson sought a declaration of their right, title and interest in an undivided one-half interest in the property, which they alleged derived from the community property interest of Lovera Chesson, the spouse of Clyde Mitchell Chesson. As one of their affirmative defenses, the Smiths and Texas Farm Credit assert they are bona fide purchasers for value without notice of any alleged equitable title held by or through Lovera Chesson.

In a combined traditional and no-evidence motion for summary judgment filed by the Smiths and Texas Farm Credit, they argued in part that the Chessons have no evidence that the Smiths' purchase was made in bad faith, that the purchase was not made for value, or that the Smiths and Texas Farm Credit had notice of any third-party claim or interest. The Chessons' response to the Smiths' and Texas Farm Credit's no-evidence motion included excerpts from the Smiths' depositions, various emails, and title commitments that the Chessons argued put the Smiths and Texas Farm Credit on notice that the current ownership of Lovera's interest was outstanding such that they cannot qualify as bona fide purchasers.

2

In their mandamus petition, Relators argue the title commitments are not instruments forming an essential link in the chain of title and therefore as a matter of law the title commitments cannot put them on inquiry notice. They contend the Chessons produced no evidence that the Smiths and Texas Farm Credit ever received or reviewed one of the title commitments. Relators argue mandamus relief is appropriate because the case has been on file for almost three years and a favorable summary judgment ruling would resolve other associated suits, including the Chessons' suit against the title company, the Chessons' suit against the Executor of Clyde Chesson's estate, the executor's suit against the title company, and the Chessons' suit against Chevron Phillips Chemical LP.

Generally, mandamus relief is "unavailable when a trial court denies summary judgment, no matter how meritorious the motion." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 465 (Tex. 2008) (orig. proceeding). Mandamus relief may be necessary, however, when the very act of proceeding to trial, regardless of the outcome, would defeat the substantive right involved or would cause a knowing waste of resources. *In re Ill. Nat'l. Inc. Co.*, 685 S.W.3d 826, 842-43 (Tex. 2024) (orig. proceeding) (quoting *McAllen Med. Ctr.*, 275 S.W.3d at 465-66).

We have examined the mandamus petition and the supporting appendix. We conclude that Relators have failed to establish that proceeding to trial on the

3

contested issues will defeat the substantive right involved or cause a knowing waste of resources. *See id*. Accordingly, we deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on May 29, 2024
Opinion Delivered May 30, 2024

Before Golemon, C.J., Johnson and Wright, JJ.